## JIM DALE v. STATE.

No. A-6227.   Opinion Filed Feb. 20, 1928.
(264 Pac. 219.)

F. W. Brumfield, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, herein referred to as defendant, was convicted in the county court of Noble county on a charge of "maintaining a place known

as 'The Barbacue,' where intoxicating liquor, to wit, whisky, was received and kept for the purpose of bartering, selling, giving away, and otherwise furnishing the same, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma," and was sentenced to pay a fine of $300, and imprisonment in the county jail for a period of 30 days, and cost of the prosecution. Defendant has appealed to this court for review of the judgment and sentence, and assigns the following errors:

"(1) The court erred in overruling motion of plaintiff in error for a directed verdict, to which action of the court in overruling said motion defendant did then and there duly except; (2) that the verdict of the jury in this cause was contrary to the law and the evidence, the jury having been unduly influenced by the erroneous action of the court as above set out, and having acted through prejudice against the defendant, and having permitted undue passion and unaccountable caprice and influenced them in their deliberation; (3) that the court erred in overruling plaintiff in error's motion for a new trial, which motion was based upon alleged errors committed by the court as herein above set out, to which action of the court in overruling said motion for a new trial this plaintiff did then and there except."

The testimony on behalf of the state in this case is in substance as follows:

Ted Payne testified that he was asked by officers to get evidence on Jim Dale; that on the evening of December 26, 1925, he entered defendant's place of business and bought whisky, paying $1.50 therefor.

Fred Yeager, on behalf of the state, testified that he was a police officer; on the 26th day of December, 1925, he searched the witness Ted Payne before the witness went to Jim Dale's house, and that he did not have any whisky upon him; that he watched Payne go to defend-

ant's place of business: watched him come out again, and then searched him, and found some whisky on his person. R. E. Delaney testified in substance the same as witness Fred Yeager.

Joe W. Howard, county attorney, testified that the whisky introduced against the defendant was turned over to him on December 26, 1925, Fred Yeager, and admitted on cross-examination that he had hired witness Payne to procure evidence against the defendant. This in substance is the testimony on behalf of the state.

The defendant testified in his own behalf; admitted that he ran the place known as "The Barbacue," and that he had lived in Perry about eight years; that he was a cook by trade; he denied that he had sold the witness Ted Payne or any one else whisky; and that he had never kept whisky upon his premises. He was very thoroughly cross-examined by the county attorney, Mr. Howard, and denied that he had whisky, or that he had sold to the witness Ted Payne any whisky on the date mentioned in the information, or at any other time.

The record in this case shows that Ted Payne, one of the witnesses for the state, had only resided in Perry for a short while; that the county attorney and police officer got in touch with Payne and hired him to go to the defendant's place of business and try to buy whisky in order that they might get a charge against the defendant. The record further discloses that Payne was practically a stranger to the police officer and county attorney, and, notwithstanding that, he was hired, and promised $25 if he would get evidence sufficient to convict the defendant.

The record further discloses that the police officer claims to have searched the witness Payne before he went to the defendant's place of business, in order to ascertain whether or not he had any whisky on his person, and

that he came back from the defendant's house to where the witness who claims to have searched him was, and when he searched him again he had a half pint of whisky. From the testimony in the record, Payne was to get no pay unless he succeeded in furnishing testimony sufficient to convict the defendant. It may be that under the laws of this state officers sworn to administer the laws are jusified in hiring men to go to the place of business of other men and there seek to buy whisky from them in order to make a case against a party whom the officers desire to convict. It would seem the best policy for the officer to make the investigation himself and then take such course as was proper under the law to convict the party; or if they are going to hire parties to get testimony against others, we think it would be more nearly within the law if they hired them for a certain price per day or week, and not on the condition that the party must be convicted before they are paid the price agreed upon. We mention this proceeding for the reason that the record is so clear that the procedure taken in this case, if continually followed, would in all probability result in a miscarriage of justice and oftentimes in perjury.

The state made an effort to show a search of defendant's premises subsequent to the alleged sale of whisky to the witness Payne. This was immaterial and improper where a specific sale was had and testimony offered to establish the charge. No one can tell just what this offer to prove a search of defendant's house subsequent to this sale had upon the jury. In this case the testimony is conflicting, and the guilt or innocence of the defendant was a question for the jury to decide, under proper instructions as to the law by the court. The jury having heard the testimony and found a verdict, this court will not disturb the same. The testimony is sufficient to sustain a conviction.

Under the testimony in this case and the small quantity of whisky alleged to have been sold by the defendant, it is the opinion of this court that the ends of justice would be best subserved by modifying the judgment from imprisonment for 30 days in the county jail and a fine of $300 to imprisonment for 30 days and a fine of $200.

We hold that the errors complained of were not such as to materially prejudice the rights of the defendant. For the reasons herein stated, the judgment is modified, and, as modified, is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.